## Pontiac Lumber Company *vs.* Moses Kalashian.

### JULY 14, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Per Curiam. This is a bill in equity for specific performance of a written agreement for the sale and purchase of a parcel of land owned by the respondent and located in the city of Warwick. The bill of complaint was filed on April 8, 1960 and on the same day the respondent's answer was filed to close the pleadings. Thereupon the cause being at issue on its merits the parties filed in the office of the clerk of the superior court for the county of Kent an agreed

statement of facts, so called, and requested therein that the court "certify this action to the Supreme Court to be there heard and determined in accordance with General Laws of Rhode Island (1956) Paragraph 9-24-25." The superior court thereupon certified the cause and all papers pertinent thereto were transmitted to this court for our determination.

The certification was made under general laws 1956, §9-24-25, which reads: "Whenever a civil action, pending in a district court or in the superior court, is at issue on its merits, and the parties shall file in the clerk's office an agreed statement of the facts in such action, the court shall certify the action to the supreme court to be there heard and determined. After having decided the action the supreme court shall send back the papers therein, with its decision certified thereon, to the court from which the action was certified, which shall enter final judgment upon the decision."

In our opinion the statute does not confer authority upon the superior court to certify to this court for determination on an agreed statement of facts an equity cause that is at issue on its merits. That the district courts, which are without equity jurisdiction, are made recipients of the authority conferred, along with the superior court, is persuasive of the absence of such a legislative intent.

We are strengthened in this conviction by a consideration of those provisions of the statute that authorize in express terms the certification of matters arising in equity proceedings. In G. L. 1956, §9-24-26, provision is made specifically for certification to this court by the superior court of questions of doubt and importance arising in an equity proceeding. Section 9-24-28 also provides, *inter alia,* that an equity cause that has been heard for final decree by the superior court may be certified to this court for our determination. When §9-24-25 is read in the light of these specific provisions for the certification of matters arising in equity pro-

ceedings, it is clear that the legislature did not intend to authorize therein the certification of causes in equity on an agreed statement of facts. The superior court was without authority to make the certification here being considered, and jurisdiction of the cause remains in that court.

The papers in the cause are remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for complainant.

*George A. Ajootian,* for respondent.